## THOMAS LYNCH *v.* FLINT BROTHERS.

*Partnership.    Promise by one Partner.    Ratification.*

One member of the defendant firm promised to pay the debt due to the plaintiff from a certain marble company. The firm owned one-fourth of the stock of the company, controlled its financial operations until it became hopelessly involved; and the consideration of the promise was forbearance to attach its property. The partner making the promise managed the business of his firm; all his operations and negotiations indicated a purpose to absorb and get title to the property of the marble company; and this purpose was accomplished. It did not appear but that the transactions were within the scope of the partnership. *Held*, that a receipt of the benefit in obtaining title to and possession of the property by the firm was a ratification of all acts done in obtaining it; and that such a ratification was equivalent to antecedent authority from the firm.

ASSUMPSIT. Heard, September Term, 1883, by the court, VEAZEY, J., presiding. Judgment for the plaintiff. The exceptions stated :

" The Eureka Marble Company was a corporation owning and operating a marble quarry in Rutland, and the plaintiff was its foreman on the quarry from 1873 until it failed in 1878, and said sum was then the balance due for his services. The defendants were partners in a firm consisting of themselves and others, and this firm owned half the stock and controlled its affairs. The firm built a marble mill near the quarry, and, under some arrangement with the marble company, sawed and marketed its marble."

The other facts appear in the opinion of the court.

*P. R. Kendall,* for the defendant.

The agreement to pay was outside the partnership. Story Part., ss. 128 ; *Hastings* v. *Hopkins,* 28 Vt. 108 ; *Chapman* v. *Devereux,* 32 Vt. 616 ; *Roth* v. *Colvin,* 32 Vt. 125. It is the duty of one trading with an agent who has only a limited and

special authority to make inquiry as to the extent of the agent's authority; if he omits inquiry, he does so at his peril. *LaPoint* v. *Scott,* 36 Vt. 603 ; *Riley* v. *Wheeler,* 44 Vt. 189 ; *White* v. *Langdon,* 30 Vt. 599.

*Redington & Butler,* for the plaintiff.

The promise made by Wyman Flint is binding upon the firm. Each member was equally interested in the Eureka Co. ; equally interested in the attachment. The whole nature of the contract was such as to bind the partnership. *Kelton* v. *Leonard,* 54 Vt. 230. Subsequent acquiescence of the parties, and accepting the benefits of the privilege, make it binding. *Waller* v. *Keyes,* 6 Vt. 257.

Each member of a partnership is, in contemplation of law, the general agent of the firm, and has power to bind his co-partners to any extent by acts done within the scope of his partnership. *Strong* v. *Fish,* 13 Vt. 277 ; *Eaton* v. *White,* 17 Vt. 646 ; *London, &c., Society* v. *Bank,* 36 Penn. St. 498 ; Colly. Part. ss. 384, 396, 417, 433 ; *Wilkins* v. *Deane,* 5 Denio 541.

The opinion of the court was delivered by

Ross, J. The only contention made by the defendants in this court, is whether Wyman Flint had authority to bind the partnership by the agreement he made with the plaintiff in regard to the first item of the claim in suit. It is elementary that a partner has power to bind the firm in all matters fairly within the scope of the partnership business. It is not found what the business, or scope of the partnership, of Flint Brothers was. It is found, that, as such partners, they owned one-fourth of the stock of the corporation known as the Eureka Marble Company; that, as such partners, they were half owners and partners in another firm which owned a mill, and sawed and marketed the marble produced from the quarry of the corporation ; that this latter firm controlled and financially carried on the operations of the corporation until the latter became hopelessly involved, and was largely indebted to the last named firm, and to the plaintiff for the item in contention. At this time the defendants, as partners, purchased

the interests of the other partners in the firm which controlled and operated the corporation, and attached all the corporation property on the debt due to the firm. The plaintiff was about to attach the same property to secure and compel payment of the first item in suit, when Wyman Flint, acting for the defendants, made the contract in the name of Flint Brothers to pay him this item of the plaintiff's claim.

It is found that Wyman Flint managed all the business of Flint Brothers in this vicinity, and that at the time he made the agreement to pay this item to the plaintiff, all his operations and negotiations indicated a purpose to absorb, and get title to the whole corporation property. It is further found that this purpose was accomplished, and that the firm, Flint Brothers, became the owners of all the corporation property. The other partner has thus taken advantage of and ratified what Wyman Flint did to accomplish that purpose. His receipt of the benefit of the acts of Wyman Flint in obtaining title to and possession of the corporation property, binds the other partner to a performance of all the contracts made by Wyman Flint in accomplishing that purpose, whether he knew, or was ignorant of, had, or had not antecedently authorized Wyman to make such contracts. John G. Flint cannot take advantage of the results of the accomplishment of this purpose, without also carrying the burdens and performing the contracts, incurred by Wyman in the name of the partners in attaining the results. Especially is this so in the absence of any showing that the scope of the partnership did not embrace the identical acts done by Wyman. It is not found in the exceptions that the defendants' partnership was limited to the ownership of the fourth of the corporation stock, and to the one-half interest in the firm which controlled and operated the corporation. But aside from this, a ratification, by taking and holding the avails of a transaction outside the scope of the partnership, conducted by one partner in the name and on behalf of the partnership, is in law equivalent to antecedent authority from the partnership to such partner to do the acts necessary to complete such transaction.

The judgment of the County Court is affirmed.